**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CHARLIE F. BARNES**                                                                              **PLAINTIFF**

**VERSUS**                                                    **CAUSE NO.** <u>1:20cv122-SA-DAS</u>

**CITY OF STARKVILLE, MISSISSIPPI and
FRANK NICHOLS, In His Individual Capacity**                              **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

This is an action to recover actual and punitive damages for violation of the First Amendment right to separation of church and state. The following facts support this action:

1.

Plaintiff CHARLIE F. BARNES is an adult resident citizen of 105 Shadowood Lane, Starkville, Mississippi 39759. Plaintiff is a long-time minister.

2.

Defendant CITY OF STARKVILLE, MISSISSIPPI, is a municipality of the State of Mississippi. Defendant City may be served with process through its mayor, Lynn Spruill, 110 West Main Street, Starkville, Mississippi 39759. At all relevant times, Frank Nichols was the Chief of Police for the City of Starkville. Nichols had the authority to carry out official police policy of the City of Starkville.

Defendant FRANK NICHOLS is an adult resident citizen of Mississippi. Defendant Nichols may be served with process at 101 East Lampkin Street, Starkville, Mississippi 39759. Defendant Nichols is sued for the state law tort of intentional or malicious interference with employment.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, to redress claims arising under United States Constitution Amendment One. This Court has supplemental jurisdiction over the state law claim against Defendant Nichols.

4.

As of December 31, 2017, Plaintiff was the pastor of the Mt. Pelier Baptist Church in Starkville, Mississippi.

5.

A minority of the members of Mt. Pelier Baptist Church wanted Plaintiff removed as pastor. This minority of church members largely consisted of persons who had held leadership positions in the church, but had been removed from leadership positions by a vote of the church membership.

6.

One or more of the unhappy members of the church asked Starkville Police Chief Frank Nichols to assist them in removing Plaintiff from his position as pastor.

7.

The minority of church members also assured that all of its members would be in church on December 31, 2017.

8.

On December 31, 2017, Starkville Police Chief Frank Nichols sent a large number of Starkville police officers (approximately seven (7)) to the Mt. Pelier Baptist Church without prior notice that they were coming. One of the officers asked if the members of the church wanted to have an election. At this point, Plaintiff and the members of the church who supported Plaintiff, realized that there was an attempt to take control of the church, and began to leave the church sanctuary. Officers followed Plaintiff to his office. Plaintiff and other supporting members left the church without participating in the vote that was being arranged by the Starkville Police Department. Plaintiff changed clothes in his office and went to his vehicle followed by police officers. With the members of the church who supported Plaintiff having left the premises when the police intervened, a vote was taken to remove Plaintiff from office. The vote was taken at the instigation of the Police Department, and because the Police Department was conducting the election, the members of the church who supported Plaintiff left the premises without voting. Upon information and belief, the vote was to remove Plaintiff as pastor.

9.

The actions of the Police Department of the City of Starkville, in intervening in church affairs, caused the removal of Plaintiff as pastor. Alternatively, governing authorities for the City of Starkville failed to supervise Nichols to assure that he not intervene in church affairs. The intervention of Defendant City into church affairs violates the First Amendment of the United States Constitution.

10.

The actions of Defendant City of Starkville, acting under state law, in removing Plaintiff as pastor of the Mt. Pelier Baptist Church constituted the official police policy acts of the City of Starkville. Alternatively, Defendant City of Starkville's actions were the result of the gross negligence of the governing board of the City of Starkville to supervise the Starkville Police Department, and to train the Police Department against intervening in church affairs.

11.

The actions of Defendant City of Starkville in removing Plaintiff as pastor of the Mt. Pelier Baptist Church, and directing him not to return, under color of state law, violates the rights to religious liberty guaranteed by the First Amendment to the United States Constitution.

12.

The actions of Defendant Nichols in causing Plaintiff to be removed as pastor constitutes the Mississippi law tort of malicious interference with employment. Specifically, the following elements of malicious interference were met:

    (a)    Defendant Nichols' actions were intentional and willful;

    (b)    Defendant Nichols' actions were calculated to cause Plaintiff damages in his lawful employment;

    (c)    Defendant Nichols' actions were done for the unlawful purpose of causing Plaintiff damage and loss without right or justifiable excuse; and

    (d)    Plaintiff suffered actual losses in the form of mental anxiety and stress, and will suffer lost income.

13.

Plaintiff suffered embarrassment, lost income, and mental anxiety as a result of Defendants' actions.

14.

Therefore, Plaintiff sues Defendant City of Starkville for violation of the First Amendment of the United States Constitution, and sues Defendant Nichols, individually, for malicious interference with employment.

## REQUEST FOR RELIEF

Plaintiff requests actual damages against Defendant City of Starkville and actual and punitive damages against Defendant Nichols.

RESPECTFULLY SUBMITTED, this the 10th day of June, 2020.

CHARLIE F. BARNES, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF __Oktibbeha__

      PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **CHARLES F. BARNES**, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing **COMPLAINT** are true and correct as stated therein.

_Charles F. Barnes_
_____
CHARLES F. BARNES

      GIVEN under my hand and official seal of office on this the 1st day of __April__ , 2020.

_____
NOTARY PUBLIC

My Commission Expires: __September 23, 2023__

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 158288
ERIKA T. BARNES
Commission Expires
Sept. 23, 2023
OKTIBBEHA COUNTY